UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TREASEA SMITH WALKER                                    PLAINTIFF

v.                                              Civil No. 1:18-cv-00058-GHD-DAS

L-3 COMMUNICATIONS VERTEX
AEROSPACE LLC                                           DEFENDANT

## MEMORANDUM OPINION

Plaintiff Treasea Walker alleges that her employer, Defendant L-3 Communications Vertex Aerospace LLC, discriminated against her because of her sex and disability. L-3 moves to dismiss [7] the disability-based discrimination claims. For the reasons set forth below, the Court finds the motion should be granted.

### Background

Walker is a female who was previously employed in L-3's corrosion control department. Compl. [1] ¶ 6. One function that department performs is particle media blasting, which requires lifting heavy weight. Walker, due to a disability, was unable to perform blasting. Instead, male co-workers performed that job function in the department for her *Id.* ¶¶ 7, 9.

In March 2017, L-3 instituted a change in their workflow that would require all employees in the corrosion control department to perform blasting. *Id.* ¶ 8. Because Walker could not perform that work, L-3 gave her the option of transferring to other positions. *Id.* ¶ 10. According to Walker, these new positions were not suitable because they either paid less or required skills which Walker did not possess. *Id.* Ultimately, Walker moved to a position that paid less than her previous position in the corrosion control department. *Id.* ¶ 11.

Walker filed a charge of discrimination with the EEOC, received a right to sue notice, and filed the current action against L-3. She alleges that L-3 engaged in disability discrimination by

1

refusing to provide a reasonable accommodation that would allow her to continue working in the corrosion control department without performing the blasting work. She also alleges that L-3 engaged in sex discrimination because L-3 allowed some male employees to continue working in positions in which they could not perform certain job functions.

L-3 filed the present motion seeking to dismiss Walker's disability-based discrimination claims. Walker responded, and the matter is now ripe for review.

### 12(b)(6) Motion to Dismiss Standard

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to

relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## Analysis

Walker makes disability discrimination claims under both Rehabilitation Act of 1973 and the Americans with Disabilities Act, as amended. L-3 argues that the Rehabilitation Act does not provide Walker with a cause of action. L-3 further argues that Walker has not exhausted her administrative remedies for her disability claims under the ADA because a disability discrimination claim was outside the scope of her EEOC charge. Walker concedes her claims under the Rehabilitation Act should be dismissed. Thus, the only question remaining before the Court is whether a claim of disability discrimination is within the scope of Walker's EEOC discrimination charge.

To bring a discrimination claim under the ADA, a plaintiff must first exhaust his or her administrative remedies by filing "a timely charge with the EEOC and receiv[ing] a statutory notice of right to sue."[1] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–789 (5th Cir. 1996)). The subsequent action is limited in scope to claims that could only arise out of an "EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cri. 1970)).

Determining whether the claim is within that scope requires the Court to "engage in a fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." *Id.* (citations omitted).

---

[1] The ADA incorporates Title VII's administrative procedures by reference. 42 U.S.C. § 12117(a).

3

Examining Walker's charge, the Court finds no investigation into disability discrimination would be reasonably expected to grow out the charge presented here. EEOC Charge [1-3]. The "disability" box is not checked, and the word "disability" does not appear at all in the charge. It is doubtful that one reading the charge would even be able to ascertain that Walker has a disability, because no mention is made of it. Walker further states multiple times in the charge that she believes she was being discriminated against because of her sex, not disability:

> I believe that the reason Respondent will not accommodate me by allowing me to continue having the male employees do the blasting function is because I am a female. Over the years, I have observed that accommodations have been made for males who could not do a particular job . . . . I request the EEOC to investigate and determine whether I have been the victim of sex discrimination based upon my gender (female), in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id.*

Walker argues that L-3's position statement establishes that L-3 was on actual notice that she was making a disability discrimination claim in addition to her sex discrimination claim. Position Statement [12-2].

That reading of the position statement is incorrect. While the position statement does discuss Walker's disability and accommodations made for her by way of background, nothing in the document supports the conclusion that L-3 was responding to any disability discrimination claims. The document repeatedly states that L-3 is responding to charges of sex discrimination: "L-3 has investigated Charging Party's allegations and has determined that there is no evidence to support her charges of sex discrimination." *Id.* at 1; "Charging Party alleges that she was discriminated against based on her sex . . .; *Id.* at 4; "There is no evidence that Charging Party was subject to disparate treatment because of her sex." *Id.* at 5. The words "disability" and "discrimination" do

not appear together at all in the position statement. Any contention that L-3's position statement reflected actual knowledge of a disability discrimination claim is without merit.

The scope of this charge and any investigation arising out it would be limited to claims of sex discrimination, not disability discrimination. Because a claim for disability discrimination is not within the scope of the charge, Walker has not exhausted her administrative remedies with respect to it, and she may not now pursue it in this Court. *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) ("Courts should not condone lawsuits that exceed the scope of EEOC exhaustion . . . .").

## Conclusion

The Court finds that Walker's claim for disability discrimination is not within the scope of her EEOC charge. Therefore, she has not exhausted her administrative remedies for that claim, and she cannot maintain an action for it against her employer. Accordingly, L-3's motion is granted.

A separate order shall issue.

This, the 11 day of September, 2018.

_____
SENIOR U.S. DISTRICT JUDGE